IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 316-012 |
| | * |
| WILLIAM HUTCHESON LEDFORD | * |

O R D E R

On April 9, 2021, Defendant William Hutcheson Ledford filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a medical condition that makes him a more serious health risk in the present circumstances of the COVID-19 pandemic. He seeks to be released to home confinement[1] or to be resentenced to time served. The Government opposes the motion.

The "compassionate release" provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to

---

[1] The United States District Court does not have the authority to order home confinement. Rather, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted)).

follow the applicable policy statement issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing Policy Statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[2]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). In this case, Defendant submits that his hypertension, in conjunction with COVID-19 should he contract it, satisfies this criteria.

The Centers for Disease Control ("CDC") lists certain medical conditions as risk factors that can make a person "more

---

[2] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

likely to get severely ill from COVID-19." See Centers for Disease Control, *Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on May 12, 2021). However, the CDC states that hypertension only "possibly" creates a significant risk. See id. Moreover, Defendant's medical records indicate that his hypertension is well-controlled and considered to be in remission. (See generally Gov't Resp. in Opp'n, Doc. No. 45, Ex. C at 14, 22.) Moreover, the Court has considered the BOP's response to the COVID-19 pandemic generally and the status within Defendant's facility in particular, where there are no active cases of COVID-19. See www.bop.gov/coronavirus (last visited on May 12, 2021). Based upon this record, the Court readily concludes that this Defendant is not uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. Accord United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) (affirming the district court's conclusion that defendant's hypertension was not extraordinary and compelling).

Further, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, the nature and circumstances of his offense weigh against his release. The Court will not recount the details of Defendant's involvement in child pornography here. Suffice to say that his conduct was abhorrent and deeply troubling. Defendant

3

has two years remaining on his sentence, and anything short of serving the full sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Consequently, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 42) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE